1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VISHAL SINGH UPPAL,

          Plaintiff,

          v.

JOSEPH WILLIES *et al*.,

          Defendants,

Case No.  C06-5167FDB

REPORT AND
RECOMMENDATION

**NOTED FOR**:
**October 13th,  2006**

      This 42 U.S.C. § 1983 Civil Rights/Bivens action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is plaintiff's motion asking for stay of his "order of deportation and removal" pending further proceedings.  (Dkt. # 13).

      This action originally contested conditions of confinement at the Northwest Detention Center, not the fact or duration of confinement or ongoing deportation proceedings.  Issues of deportation, removal and fact of confinement are issues that must proceed in Habeas Corpus.  The court may not consider these issues in a Civil Rights or Bivens action.  <u>See</u>, <u>generally</u> <u>Preiser v Rodriguez</u>, 411 U.S. 475 (1973).

      Mr. Uppal earlier filed a Habeas Corpus Petition in the United States District Court for the Western

1   District of Washington in Seattle regarding his deportation.  (Dkt. # 14, page 1,  footnote 1, identifying C06-

2   261JLR).

3           On July 27th, 2006 the United States District Court for the Western District of Washington at Seattle

4   denied plaintiff's habeas petition.  By order dated August 10th, 2006 the Ninth Circuit denied plaintiff's motion

5   to stay removal pending appeal.  (Dkt. # 14, page 3).

6           This court may not consider the issues of deportation or removal in this Civil Rights action.  The

7   motion to stay deportation or removal can not therefore be entertained on the merits.  A proposed order

8   accompanies this Report and Recommendation.

9           Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

10  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ.

11  P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v.

12  Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to

13  set the matter for consideration on **October 13th, 2006**, as noted in the caption.

14

15          DATED this 14th day of September, 2006.

16

17                          */S/ J. Kelley Arnold*
                            J. Kelley Arnold
18                          United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

REPORT AND RECOMMENDATION
Page - 2