UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VISHAL SINGH UPPAL,<br><br>            Plaintiff,<br><br>    v.<br><br>JOSEPH WILLIES *et al.*,<br><br>            Defendants, | Case No.  C06-5167FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**:<br>**July 20, 2007** |

     This 42 U.S.C. § 1983 Civil Rights/Bivens action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is defendant's untimely motion to dismiss (Dkt. # 35).  Although the motion is untimely, defendants present good cause for delay in filing the motion.  The court recommends dismissal without prejudice as it appears plaintiff has abandoned the action.

     This action originally contested conditions of confinement at the Northwest Detention Center.  Despite this being a Civil Rights action, plaintiff filed no less than three motions attempting to stay his deportation to India.  Plaintiff attempted to use the action to try to challenge ongoing deportation proceedings.

     Plaintiff was deported to India on October 31, 2006.  Other than filing a notice of change of address he has not filed any pleadings in this action.

REPORT AND RECOMMENDATION
Page - 1

1  Plaintiff took no steps to file a joint status report which was due June 1, 2007 (Dkt. # 12). Further, plaintiff has not responded to defendant's motion to dismiss. Local Rule 7 (b)(2) states:

> (2) Obligation of Opponent. Each party opposing the motion shall. Within the time prescribed in CR 7(d) file with the clerk, and serve on each party that has appeared in the action a brief in opposition to the motion with any supporting materials of the type described in subsection (1). If a party fails to file papers in opposition to a motion, such failure may be considered by the court as a admission that the motion has merit.

Plaintiff's failure to file any response to the motion to dismiss or object to the filing of the motion militates toward dismissal of the case. In addition, since filing a notice of change of address, plaintiff has not taken steps to prosecute this action and did not take the steps needed to file a joint status report. The court therefore recommends this action be **DISMISSED WITHOUT PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 20, 2007**, as noted in the caption.

DATED this 14 day of June, 2007.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge